ALEXANDER E. EISEMANN (admitted Pro Hac Vice)
20 Vesey Street, Suite 400
New York, New York 10007
Telephone:  917.589.4500
Facsimile:   914.533.2535
aee@eislaw.com

Michael J. Jaurigue (SBN 208123)
JAURIGUE LAW GROUP
300 W Glenoaks Blvd, Ste 300
Glendale, California 91202
Telephone:  818.630.7280
Facsimile:   888.879.1697
michael@jlglawyers.com
service@jlglawyers.com

*Attorneys for Plaintiff*
*Mod Champagne, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOD CHAMPAGNE LLC,<br><br>Plaintiff,<br><br>v.<br><br>RETAIL SERVICES SYSTEMS, INC. (D/B/A TOTAL WINE & MORE) and BLICKER PIERCE WAGNER WINE MERCHANTS, LLC,<br><br>Defendants. | Case No. 2:21-cv-00985-JAK-AFM<br><br>*[Assigned to the Hon. John A. Kronstadt]*<br><br>**NOTICE BY ALEXANDER E. EISEMANN OF ATTORNEY'S LIEN**<br><br>Complaint filed: February 2, 2021<br>Amended complaint filed:  February 9, 2026<br>Trial date:  Not set |

1

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD AND/OR IN PROPRIA PERSONA:**

ALEXANDER E. EISEMANN ("EISEMANN), is currently attorney of record for plaintiff MOD CHAMPAGNE, LLC ("MOD") in this action, and has filed a motion seeking to withdraw as its counsel.

Effective on or about May 9, 2021, EISEMANN and MOD entered into a written engagement agreement, which was signed by EISEMANN and by Brent Hocking, MOD's President and Chief Executive Officer (MOD and Hocking are collectively referred to as "you" in the engagement agreement) on behalf of MOD, under which EISEMANN agreed to represent MOD in this action under the following terms and conditions:

> I agree to represent Mod in this matter for all purposes through the completion of the lawsuit at the District Court for a blended fee arrangement consisting of an hourly and contingent fee. I will bill you for hourly fees at the rate of $500.00 per hour, . . . to a maximum of $200,000.00, which shall be deemed a cap of my hourly fees.
>
> In addition to those hourly fees, I shall receive a contingent fee of fifteen percent (15%) of the amount of the gross recovery, damages, awards, settlement proceeds, or receipt of any other things of value that benefit Mod, its successors, assigns, nominees or designees, in any manner or form, which Mod receives from any person or entity in relation to this litigation including, but not limited to, the parties to it including, but not limited to, cash, securities, reinstated or increased ownership interests in any entities or distribution agreements, or compensation received from the sale of any interest in Mod or its products or in or of its parents, subsidiaries or affiliates that are in any respect part of the overall settlement of this litigation or are provided towards the satisfaction of any judgment rendered in it. You authorize any person or entity holding funds to be used to settle this litigation or revenue from any favorable change in the relationship between Mod and any other person or entity, whether in settlement or to pay towards any judgment, to pay my contingent fee and any outstanding hourly fees and unreimbursed disbursements or expenses directly to me out of funds that would otherwise be paid in settlement or in satisfaction of any such judgment.
>
> . . . .
>
> Mod agrees that I shall have a retaining lien against the contingent fee portion of this agreement, . . . and a retaining lien for any unpaid hourly fees above the remaining retainer.

2

**ALEXANDER E. EISEMANN'S NOTICE OF ATTORNEY'S LIEN**

Engagement letter dated May 9, 2021, at 1-3.  The engagement letter further provided: "The Laws of the State of New York govern this agreement."  *Id.* at 3.

Effective on or about February 2, 2026, EISEMANN and MOD, entered into an additional agreement, also signed by EISEMANN and by Brent Hocking, MOD's President and Chief Executive Officer (together "MOD and Hocking" and, when combined with EISEMANN, collectively referred to as the "PARTIES" in the February 2, 2026, agreement) on behalf of MOD, which was negotiated by independent counsel for, and on behalf of, MOD and Hocking, under which the PARTIES agreed:

> [MOD and Hocking] consent to and have no objection to [EISEMANN] asserting an attorney's lien against [*Mod Champagne, LLC v. Retail Services System, Inc.,* 2:21-cv-00985-JAK-AFM (C.D. Cal.) (the "California Action")] for fees EISEMANN in good faith claims are owed to him contingent on, and only in the event of, a recovery through final judgment or settlement of any proceeds from the California Action . . . , including service of the lien on the parties to the California Action and/or the filing of such a lien with the Court in the California Action;
>
> . . . .
>
> For the avoidance of doubt, . . . [MOD and Hocking] hereby grant [EISEMANN] a lien on any recovery obtained in or through the California Action for an amount equal to all outstanding hourly fees [EISEMANN] claims are due and owing for his representation of MOD in the California Action, whether billed or unbilled, disputed or undisputed, and for any contingent interest [EISEMANN] has or may have, against any recovery eventually obtained in the California Action, which lien is enforceable solely against any proceeds obtained from the California Action and only to the extent as permitted by law and the professional rules and standards governing attorneys' fees and attorneys' liens.  The PARTIES further agree that [EISEMANN] is authorized to represent to the Court and to counsel for the parties in opposition to MOD in the California Action that MOD has agreed to, has granted and has authorized such lien and that MOD has authorized [EISEMANN] to file notice of such lien in the California Action. This lien shall survive [EISEMANN]'S withdrawal as counsel for MOD in the California Action and/or [MOD and Hocking's] termination of [EISEMANN]'S representation of MOD in the California Action and/or the withdrawal and/or dismissal of any claims or causes of action by MOD in the California Action.

**ALEXANDER E. EISEMANN'S NOTICE OF ATTORNEY'S LIEN**

Agreement between Alexander E. Eisemann, Mod Champagne LLC and Brent Hocking, effective February 2, 2026, at 3, 8-9.  The agreement further provided that it "shall be construed and enforced in accordance with the laws of the State of New York without regard to the principles of conflicts of law." *Id.* at 11.

Therefore, pursuant to these agreements and New York and California law, EISEMANN hereby asserts and holds a lien against any financial remuneration, funds or any other things of value, in any form, that benefit or potentially benefit MOD (collectively "Compensation"), its owners, officers, agents, parents, subsidiaries, affiliates, representatives, successors, assigns, nominees or designees, in any manner or form, arising out of, or related to, this action that any party named in this action, or any such named party's owners, officers, agents, parents, subsidiaries, affiliates, representatives, successors, assigns, nominees or designees, including their legal counsel, pays, makes payable to or deliverable to, or provides for benefit of, in any manner or form, MOD or to any of its owners, officers, agents, parents, subsidiaries, affiliates, representatives, successors, assigns, nominees or designees, including MOD's legal counsel, whether due, paid, provided or otherwise obtained through judgment, negotiated settlement or by any other means, in an amount equal to all outstanding hourly fees due and owing for EISEMANN'S representation of MOD, whether billed or unbilled, disputed or undisputed, plus an additional 15% (fifteen percent) contingent share of any Compensation that benefit or potentially benefits MOD, its owners, officers, agents, parents, subsidiaries, affiliates, representatives, successors, assigns, nominees or designees.

All persons who participate in any payment or delivery of any Compensation arising out of, or related to, this action, to or for the benefit of, MOD, its owners, officers, agents, parents, subsidiaries, affiliates, representatives, successors,

4

**ALEXANDER E. EISEMANN'S NOTICE OF ATTORNEY'S LIEN**

assigns, nominees or designees, including MOD's legal counsel, must make all such payments and deliveries solely to EISEMANN.

**ANY AND ALL PERSONS, REGARDLESS OF CAPACITY, WHO FAIL TO HONOR EISEMANN'S LIEN ARISING OUT OF, OR RELATED TO THIS ACTION BY PROVIDING ANY COMPENSATION PAYABLE OR DELIVERABLE TO, OR FOR BENEFIT OF, MOD ARISING OUT OF, OR RELATED TO, THIS ACTION OTHER THAN SOLELY TO EISEMANN WILL INCUR PERSONAL LIABILITY TO EISEMANN AND SHALL BE PERSONALLY LIABLE TO EISEMANN FOR THE AMOUNT OF SUCH COMPENSATION PLUS INTEREST.**

Dated:  March 23, 2026                    Respectfully submitted,

ALEXANDER E. EISEMANN
Propria Persona
20 Vesey Street, Suite 400
New York, New York 10007
917.589.4500
aee@eislaw.com

5

**ALEXANDER E. EISEMANN'S NOTICE OF ATTORNEY'S LIEN**

**CERTIFICATE OF SERVICE**

ALEXANDER E. EISEMANN hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

On March 23, 2026, I served a true and correct copy of the foregoing document on Brent Hocking, the Principal of Mod Champagne, LLC, by emailing a copy of it to him at brent@themodselecter.com.  I did not receive, within a reasonable time after the transmission of my email, any electronic message or other indication that the transmission had been unsuccessful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed:   South Salem, New York
            March 23, 2026

_____
           ALEXANDER E. EISEMANN

6

**ALEXANDER E. EISEMANN'S NOTICE OF ATTORNEY'S LIEN**