JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOD CHAMPAGNE LLC, | No. 2:21-cv-00985-JAK (AJRx) |
| Plaintiff, | **ORDER DISMISSING CASE WITHOUT PREJUDICE** |
| v. | |
| RETAIL SERVICES SYSTEMS, INC., et al., | **[JS-6: CASE TERMINATED]** |
| Defendants. | |

1

## I.    BACKGROUND

On February 2, 2021, Mod Champagne LLC ("Mod" or "Plaintiff") brought this action against Retail Service Systems, Inc. d/b/a Total Wine & More ("Total Wine") and Blicker Pierce Wagner Wine Merchants, LLC ("BPW"). Dkt. 1. On December 19, 2025, an Order issued granting in part Total Wine's and BPW's motions to dismiss the Complaint, but without prejudice. Dkt. 93. Plaintiff filed its Second Amended Complaint on February 9, 2026, which added Southern Glazer's Wine and Spirits, LLC ("Southern Glazer's") as a Defendant. Dkt. 97.

On March 20, 2026, Alexander E. Eisemann and Michael J. Jaurigue filed a motion to withdraw as counsel of record for Plaintiff. Dkt. 102 ("Motion to Withdraw"). On March 24, 2026, the Motion to Withdraw was granted. Dkt. 108 ("Withdrawal Order"). The Withdrawal Order was stayed until April 24, 2026, for the "sole purpose" of providing "Plaintiff with the opportunity to retain new counsel so that the action will not be dismissed because Plaintiff cannot be a self-represented litigant." *Id.* at 3. The Withdrawal Order also provided that, "[i]f new counsel for Plaintiff does not enter an appearance on behalf of Plaintiff by April 24, 2026, the action will be dismissed, without prejudice, because Plaintiff cannot proceed as a self-represented litigant, and will have, therefore, failed to prosecute." *Id.*

On April 23, 2026, Eisemann filed a Motion to Intervene pursuant to Fed. R. Civ. P. 24(a)(2). Dkt. 112 ("Intervention Motion"). That same day, Eisemann, both in his individual capacity and as counsel for Plaintiff, filed an Ex Parte Application for a Stay of Dismissal. Dkt. 113 ("Stay Application"). The Stay Application sought an order continuing the stay of the Withdrawal Order for at least 60 days to "allow Plaintiff additional time to engage new counsel" and to avoid having the Intervention Motion become moot. Dkt. 113 at 6.

On April 24, 2026, the Stay Application was granted in part. Dkt. 118. The stay of the Withdrawal Order was continued to May 18, 2026 for the sole purpose of

2

"preserv[ing] the status quo pending the resolution of the Intervention Motion . . . ." *Id.* at 3. The April 24, 2026 Order also stated: "If new counsel for Plaintiff has not entered an appearance on the docket on behalf of Plaintiff on or before May 18, 2026, the March 24, 2026 Order will automatically take effect on May 18, 2026, as to the withdrawal of Alexander E. Eisemann and Michael J. Jaurigue as counsel of record for Plaintiff. Thereafter, a separate Order will issue dismissing, without prejudice, the action because Plaintiff cannot proceed as a self-represented litigant, and will have, therefore, failed to prosecute this action." *Id.* at 3–4. The April 24, 2026 Order also required that by May 11, 2026, Plaintiff file a report concerning "its efforts to engage new counsel, including whether there is an anticipated date when such counsel is expected to enter an appearance on the docket." *Id.* at 4.

Plaintiff failed to file a report by May 11, 2026. On May 13, 2026, the Intervention Motion was denied. Dkt. 123. Further, no appearance by new counsel has been entered on the docket by the May 18, 2026 deadline.

## II.  LEGAL STANDARDS

Courts have the inherent power to dismiss a case sua sponte for failure to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–31 (1962). In exercising its discretion to dismiss on that basis a court should consider: (1) the public's interest in expeditious resolution of cases; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic alternatives. *See Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). All five factors need not apply for an action to be dismissed for failure to prosecute; a strong showing on three of the factors is sufficient. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992).

A corporation must be represented by legal counsel to appear in federal court. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curium). Civil Local

Rule 83-2.2.2 extends this rule to all organizations and entities. *See* L.R. 83-2.2.2 ("Only individuals may represent themselves *pro se.* No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court.").

## III.    APPLICATION

Despite repeatedly being informed that it cannot proceed without being represented by counsel, Plaintiff did not engage new counsel by the initial April 24, 2026 deadline, or by the extended deadline of May 18, 2026. Moreover, Plaintiff failed to comply with the April 24, 2026 Order, which required the filing of a status report concerning Plaintiff's efforts to engage new counsel. Thus, dismissal of this action is warranted due to Plaintiff's failure to prosecute and comply with court orders. *See, e.g., Bourbeau v. Cognitive Code Corp.*, 693 F. App'x 499, 503 (9th Cir. 2017) (affirming district court's dismissal of action for failure to prosecute because entity plaintiff failed to obtain counsel); *High Country Broad. Co.*, 3 F.3d at 1245.

The first, second, third, and fourth factors also support dismissal. Plaintiff has failed to obtain counsel in a timely manner, notwithstanding that it was expressly notified by the Court that its failure to do so would result in the dismissal of this action. Plaintiff also failed to comply with the April 24, 2026 Order. Plaintiff's failure to prosecute this case diligently and noncompliance with court orders has interfered with the public's interest in expeditious resolution of this litigation, impeded the Court's ability to manage its docket, and subjected Defendants to the prejudice created by unreasonable delay. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) ("The law presumes injury from unreasonable delay."). Because Plaintiff has repeatedly been warned that this action would be dismissed if it did not diligently retain counsel, and Plaintiff's deadline to do so has already been extended, no less drastic sanction is available. See *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district

4

court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the public interest in favor of resolving cases on their merits always weighs against dismissal, Plaintiff's failure to prosecute this action diligently and its noncompliance with court orders outweighs such interest. *Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."); *see also Ferdik*, 963 F.2d at 1262–63 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here.").

Based on the foregoing discussion, this action is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to prosecute and noncompliance with court orders.

**IV.   CONCLUSION**

For the reasons stated in this Order, this action is **DISMISSED WITHOUT PREJUDICE**. Judgment shall issue separately.

**IT IS SO ORDERED.**

Dated:  May 19, 2026          _____

John A. Kronstadt
United States District Judge

5